### J. M. GARRISON v. J. D. GRANT.

(Case No. 1029–445.)

1. PRE-EMPTION — HOMESTEAD.— One whose wife owns a homestead which is occupied as such by the family, cannot acquire by pre-emption another homestead on the public domain.

APPEAL from Robertson. Tried below before the Hon. Spencer Ford.

October 30, 1878, Grant brought this suit against Garrison and William Simpson to recover the land described in the petition, claiming the same through a patent issued to James Walling, assignee of Vincent Mendez, dated July 23, 1879, on a survey claimed to have been made in 1874.

The defendants claimed that they pre-empted the land in April, 1876, and had their respective claims surveyed, and had in all other respects complied with the requirements of the law, and that if the plaintiff did have the same surveyed in 1874, the survey was void, for there was no certificate then filed with the surveyor to authorize the survey.

The plaintiff replied, amongst other things, that Garrison's wife

owned in her separate right a tract of land near that in controversy, and that they had lived upon the same for several years as their homestead; that he had rented it and moved upon the land in controversy, and that he was not entitled to secure another homestead upon this land, as he already had one.

The cause was tried June 16, 1880, and resulted in a verdict and judgment in favor of Simpson against Grant for the land claimed by him, and in favor of Grant against Garrison for that portion of the land claimed by him. Garrison brought that portion of the judgment against him before the court by writ of error. The point relied upon for reversal is shown in the opinion.

*William H. Hamman*, for plaintiff in error.

*H. D. & F. H. Prendergast*, for defendant in error.

WATTS, J. COM. APP.— At the time Garrison attempted to appropriate the land in controversy, the law gave to the head of the family the right to acquire by pre-emption a homestead, not to exceed one hundred and sixty acres, out of the unappropriated public domain, provided he owned no other homestead.

From the record it appears that at the time Garrison settled upon the land in controversy, his wife owned in her own right another tract of land, upon which they had resided for several years; he rented that and moved upon the land in controversy.

The only error complained of by Garrison is supposed to be contained in that portion of the charge where the jury are told that if his wife owned in her separate right a tract of land upon which he had resided with his family, cultivating, using and occupying it as his place of residence, then such land was his homestead, and that he could not acquire another upon the public domain by pre-emption.

Whether the homestead be the community property of the husband and wife, or the separate property of either, the exemption is the same, and it is the homestead of the family in the contemplation of the pre-emption laws as well as the constitution.

These pre-emption laws have a two-fold object: one to secure the settlement of the country by encouraging emigration; the other, and prime object, is to secure homes to the homeless, and not to those who are already provided for in that particular. Gambrell *v.* Steele, 55 Tex., 582.

Our conclusion is that the judgment ought to be affirmed.

AFFIRMED.

[Opinion delivered October 25, 1882.]