SAMUEL DAUGHTY v. ELIZA HALL ET AL.

(Case No. 3757.)

1. PRE-EMPTION — PATENT.— One seeking to establish a pre-emption went with his family on public land in 1871, and, after beginning an improvement, sold his claim to another, agreeing to make a transfer to whoever he would name, after which he moved out of the state, and three years afterwards conveyed to the de-. fendant, who was the widow of his vendee, and whose husband went upon the land in 1871, and was killed May 12, 1872. The first purchaser never occupied the land, but owned and occupied at the time of the purchase another homestead. The widow occupied the land until 1874, when, returning home after a visit, she found plaintiff in possession. The defendant received a patent, as the assignee of

the first occupant, August 23, 1875. In a suit by one claiming under a pre-emption settlement August 15, 1874, *held*,

(1) The removal of the first settler from the state operated an abandonment of his right to claim as a pre-emptor, and the first purchaser already having a home-stead, the land became a part of the unappropriated public domain.

(2) The patent issued to the vendee of the first purchaser, in 1875, conferred no right to the land as against one claiming adversely as a pre-emptor, who settled as such on the land in 1874.

APPEAL from Coryell. Tried below before the Hon. J. R. Fleming.

Daughty brought this suit against appellees May 9, 1877. The case made by the petition was that Newby settled as a pre-emptor on the land August 15, 1874, had the same surveyed August 20, 1874, and the field notes forwarded to the general land office at that time; that he was then in possession, and so continued until September, 1874, when he sold and transferred the same to appellant; and that he then took possession, and had held the same ever since. That Newby was a married man and the head of a family, and owned no other land at the time he made the settlement; that appellant was a married man and the head of a family at the time he purchased from Newby and took possession, and that he then owned no other land; that appellees, through fraud and deceit, had secured, in 1875, a patent for the land, which was issued without authority of law; and that the same constituted a cloud upon his title, and prevented his getting or securing a patent. Prayer that the patent might be canceled, and special relief. By amendment he alleged that, since the filing of the suit, he had been violently ejected from the land by appellees and the sheriff, who still held the wrongful possession, etc.; prayed as in his original petition, and also to be restored to the possession and confirmed in his pre-emption right.

Appellees answered, claiming the land as follows: Pre-emption by Cagle March, 1871; sale by him to Shackleford in 1871, and by Shackleford to Lindsey same year, and sale by Lindsey to Huffman, the deceased husband of Mrs. Hall, also in 1871; occupancy until 1874; transfer in 1875 by Cagle to Mrs. Hall, and patent from the state.

Judgment for the appellees, and quieting them in their right, etc. The evidence showed that at the time Shackleford pretended to purchase the pre-emption that he then owned and was living upon another place, and never occupied the land in controversy; that Cagle removed to Arkansas in 1871, and had continued to reside there ever since that time. Mrs. Hall, after the death of her hus-

band Huffman, occupied the land until the summer of 1874, when,. returning home after going to a distant portion of the state, she· found plaintiff in possession.

*Thos. Rock*, for appellant. ·

No briefs for appellee have reached the reporter.

WATTS, J. COM. APP.— When Cagle sold his interest in ‘ the pre-emption to Shackleford, and removed to the state of Arkansas, he thereby abandoned all right and claim to the same. And as Shackleford then owned and was occupying another homestead, he acquired no right to the pre-emption. Upon his pretended purchase, and the removal of Cagle from the state, the pre-emption right was forfeited, and the land became unappropriated public domain, and subject to settlement, location and survey. Gambrell *v.* Steele, 55 Tex., 585.

Appellees do not claim to have thereafter pre-empted the land, but they claim to have secured the right by purchase from the assignee of Shackleford, and a transfer by Cagle some three years after he had sold and abandoned the pre-emption. Evidently, as Shackleford acquired no right by reason of his pretended purchase from Cagle, no one could derive any right through him; and as Cagle had abandoned the pre-emption three years before his written transfer to appellees, they acquired no right by reason of that transfer. Under the facts as presented by the record, the land was unappropriated public domain at the time Newby pre-empted the same, August, 1874; and as it appears that appellant secured Newby's right by purchase and assignment, and having taken and held the possession of the same until dispossessed by the appellees, he thereby establishes the superior right to the land. The patent to appellees having been issued on an abandoned pre-emption and without authority of law, is invalid.

Upon a review of the whole case, we conclude that the judgment ought to be reversed, and. that the supreme court now here render such judgment as should have been rendered by the court below; that is, the patent to appellees be canceled and held for naught; that appellant have and recover possession of the land described in the petition; that a writ of restitution issue in his behalf,. and that he be confirmed in his pre-emption right to the said land, etc.

REVERSED. AND RENDERED..

[Opinion approved June 8, 1883.]