### E. J. PEREGO v. C. C. WHITE ET AL.

#### No. 6587.

1. **Actual Settler Upon County School Lands.**—Counties, although having the legal title to their patented school lands, can not deprive an actual settler of his right to purchase the land occupied by him to the extent of 160 acres.

2. **Same.**—The county commissioners, after fixing the price upon the school land, should allow actual settlers the option to purchase.

3. **Same.**—A purchaser from a county of its school lands occupied by an actual settler takes title subject to the rights of such settler to buy on the terms fixed by the county commissioners in the sale.

4. **Same—Trespass to Try Title—Pleading.**—A purchaser from the county sued an actual settler for possession. The defendant pleaded not guilty. *Held*, in absence of pleading in defense, setting up the right of defendant as an actual settler, with an offer to purchase, that evidence of such settlement, etc., was no defense to the action.

5. **Case Adhered to.**—Land Company v. Wood, 71 Texas, 460, adhered to.

APPEAL from Clay. Tried below before Hon. L. A. Crane, Special District Judge.

The opinion gives a sufficient statement.

*L. T. Miller* and *R. Cobb*, for appellant. —1. If the appellant made the entry and went into possession of said land as stated in said assignment, he was lawfully there at the commencement of the suit; and if the parties mentioned in said assignment had knowledge of such entry and possession prior to their said purchases they were not bona fide purchasers, and appellant was not wrongfully withholding the possession from appellees at the commencement of this suit. Pasch. Dig., art. 4983, note 109;

Woodson v. Collins, 56 Texas, 175; Const., art. 7, sec. 6; Rev. Stats., art. 4037; Hawley v. Bullock, 29 Texas, 216.

2.   After the purchase money for which the Cherokee school land was sold became due, the legal effect of the failure to make such payment was to revest the legal title in Cherokee County, unless she elected to waive that right or is estopped by the verdict in this suit.   Burleson v. Burleson, 28 Texas, 412; Webster v. Mann, 52 Texas, 426; Flanagan v. Cushman, 48 Texas, 241; Baker v. Compton, 52 Texas, 252; Webster v. Mann, 52 Texas, 416; Ufford v. Wells, 52 Texas, 619; Cassaday v. Frankland, 55 Texas, 452; Demaret v. Bennett, 29 Texas, 262; Burgess v. Milligan, 50 Texas, 403; McAlpin v. Burnett, 19 Texas, 497; Pitschki v. Anderson, 49 Texas, 1; Roosevelt v. Davis, 49 Texas, 463.

3.   Under the plea of not guilty the defendant may give in evidence any lawful defense except the statute of limitations, which shall be specially pleaded.

4.   If Cherokee County was under obligation by law to permit appellant to enter on said land as an actual settler under article 7, section 6, of the Constitution, and he did so enter, and Cherokee County knew or had the means of knowledge that he did so enter, and permitted him to make lasting and valuable improvements thereon; and if Cherokee County was under obligation by law to fix the price of said land and give appellant notice and prior opportunity to purchase at said price, and did not do so prior to her sale of the land, and appellees knew or had the means of knowing these facts, Cherokee County and her vendees, Jones & Douglass, Eustis & Eustis, and the appellees, would be estopped to set up their naked legal title against appellant's equitable title, and such estoppel could be given in evidence under the plea of not guilty.   Rev. Stats., art. 4793; 50 Texas, 34; 28 Texas, 584; 26 Texas, 460; 25 Texas, 271; Perkins v. Miller & Sayers, 60 Texas, 61; Wright v. Doherty, 50 Texas, 34; Mayer v. Ramsey, 46 Texas, 371; Johnson v. Byler, 38 Texas, 611.

*Stephens, Matlock & Herbert,* for appellees.—Under the plea of not guilty the defendant in an action of trespass to try title may set up any defense applicable to that action, but can not under a plea of not guilty obtain affirmative equitable relief.   Catlin v. Bennatt, 47 Texas, 172; Williams v. Barnett, 52 Texas, 132; Ayres v. Duprey, 27 Texas, 604; McKey v. Welch, 22 Texas, 396.

GAINES, ASSOCIATE JUSTICE.—Cherokee County sold and conveyed its school lands to Jones & Douglass, who conveyed them to Eustis & Eustis, who in turn sold and conveyed them to plaintiffs in the court below. The defendants below being settlers upon the lands, plaintiffs brought an action of trespass to try title against them in order to recover possession. All the defendant settlers compromised their claims except appellant, who

disclaimed as to all the land except a tract of 160 acres, and as to that. went to trial upon a plea of not guilty and a claim for compensation for improvements in good faith.

The plaintiffs introduced in evidence a patent to Cherokee County to the survey embracing the land in controversy and a regular chain of conveyances from the county down to themselves. The defendant was permitted to offer evidence to prove that he settled upon the land and established a residence upon it with a view to purchasing it before the county made a sale. The court, however, disregarded this evidence in the charge to the jury, and instructed them that the plaintiffs had shown title to the land, and that they were entitled to a verdict. There was a verdict and judgment in accordance with the instruction.

In the case of Baker v. Dunning, decided at the present term, it was held that a settler upon school lands belonging to a county could not be deprived of his right of pre-emption by a sale to another, without an offer to sell first having been made to him in good faith and a rejection of the offer on his part. In that case the settler after the sale by the county made a tender of money and notes—based upon the terms of the sale already made—both to the county and the purchaser, and pleaded these facts as a ground of relief. The court decreed him the land upon condition that he should pay the purchaser the same price per acre that. the land had been sold for by the county. The purchase money due the county being payable in installments, he was allowed to pay at corresponding intervals and in corresponding amounts. No complaint was made as to the specific relief granted, and we were not called upon to decide whether it was proper or not.

In this case, however, we feel constrained to lay down a rule by which the rights of settlers in such cases must be determined. It would seem that the Legislature has the power to provide a method by which the protection provided for by the Constitution may be secured to actual settlers,. and it would probably have prevented cases of hardship if the law makers had intelligently exercised that power and established a plain rule by which both the settlers would have been protected and the rights of the counties preserved. This not having been done, we must ascertain the rights of the parties now before us by starting from well established legal principles.

"The Constitution did not grant the land—only the right to acquire it upon terms to be fixed by the counties." Land Co. v. Wood, 71 Texas, 460. The legal title was in the county, and it had the right to sell and convey it to any purchaser, but it had no power to deprive the settler of his prior right to purchase at such time as it saw fit to sell. We think it follows therefore that a purchaser of school lands from a county upon which an actual settler is residing, who has not been afforded an opportunity to buy, takes it subject to the privilege of pre-emption, and that.

the settler, upon a tender with reasonable promptness of the value of the land upon which he has settled, estimated upon the basis of the price actually paid or agreed to be paid for the whole tract bought of the county, may demand a conveyance of 160 acres or a less amount as he may elect. His right to buy being superior to that of the purchaser, he is entitled to the same terms both as to price and time of payments which the purchaser has obtained from the county. The price to be paid by him should bear the same proportion to the price paid or agreed to be paid by the purchaser which the actual value of the land claimed by him bears to the actual value of the whole tract.

The decision in Land Company v. Wood above cited is in accordance with these principles. In that case the settler went to trial upon a plea of not guilty, and a judgment in his favor was held to be erroneous. The cause was, however, remanded for the purpose of affording him an opportunity of pleading specially his equities and of demanding affirmative relief.

In this case the purchasers from Cherokee County acquired the legal title to the lands, subject to the right of appellant to purchase from them on the same terms. This title has passed to the plaintiff in this suit subject to the same right of pre-emption. The defendant had no title by which he could defend the action upon a plea of not guilty. (Land Company v. Wood, *supra.*) He should have pleaded that he was an actual settler upon the lands at the time they were sold by the county, and that he desired to purchase, and should in the suit at least have offered to purchase upon the terms upon which the county sold. Not having done this, upon the state of the pleadings the court properly instructed the jury to return a verdict against him. The judgment against him is the only proper judgment that could have been rendered under the pleadings and evidence; and though we recognize the hardship of the case, we can not reverse it.

There being no error in the judgment, it is affirmed.

*Affirmed.*

Delivered May 6, 1889.