### ROBERT WARD v. W. B. WORSHAM.
#### No. 2633.

1. **County School Lands—Actual Settler.**—Perego v. White, 77 Texas, 196,. approved and followed as to rights of an actual settler upon county school lands.

2. **Same — Tender.** — In a suit by a purchaser of county school lands against an actual settler who in defense asserted his rights as such settler, offering to pay the purchase money, *held*, that it was error in the trial court to require an actual tender of the purchase money, and to instruct the jury to find for the plaintiff on account of the failure to make such tender.

3. **Tender—Case Adhered to.**—Spann v. Sterns, 18 Texas, 556, adhered to.

APPEAL from Clay.    Tried below before Hon. P. M. Stine.
The opinion states the case.

*J. A. Templeton,* for appellant.— 1. The failure of appellant to pay into court at the time of the trial of this cause the amount of purchase money paid by appellee to Marion County for the land in controversy, together with the 10 per cent interest thereon from the date of such purchase, did not destroy his rights as an actual settler.   Gardner v. Rundell, 70 Texas, 453; Brock v. Jones, 16 Texas, 461; Spann v. Sterns, 18 Texas, 556; Haney v. Clarke, 65 Texas, 93, 96; Whelan v. Reiley, 61 Mo., 565; Willard v. Taylor, 8 Wall., 557; Irvin v. Gregory, 13 Gray, 215, 218; 3 Pome. Eq., sec. 1407, and note 1 and authorities cited.

2.   Forfeitures are not favored in law, and that construction of law should be adopted which would operate most to the ease of the parties entitled to favor, and by which rights would be secured and forfeitures

avoided.　O'Connor v. Towns, 1 Texas, 107; Dowell v. Vintor, 2 Ct. App.
C. C., sec. 329.

3.　Where the evidence in any case is conflicting, and any part thereof,
if the same was admitted to be true, would sustain a verdict and judgment
different than that directed by the court, it is error for the court in such
a case to instruct peremptorily to find for either of the litigants, but all
of the issues raised by the testimony should be plainly submitted to and
passed upon by the jury.　Rev. Stats., art. 1317; Patton v. Rucker, 29
Texas, 402, 407; Rogers v. Broadnax, 24 Texas, 541, 542.

*A. K. Swan,* for appellee.— 1.　Plaintiff having made out a perfectly
clear title to the land in suit, based upon documentary evidence, was en-
titled to judgment unless a valid defense was made out.

2.　A settler on county school lands, in order to avail himself of the
preference right to purchase 160 acres thereof, must make some substantial
effort to purchase same within a reasonable time after his settlement and
after the land is offered for sale, and must follow that effort up with a
tender of the purchase money; and a delay of from five to seven years and a
failure to make tender will defeat such preference right, and especially
when no tender is made in court at the trial for the recovery of the pos-
session, and without a reasonable excuse for a failure to make such tender.
Land Co. v. Wood, 71 Texas, 460; Land Co. v. Earle, 71 Texas, 468.

GAINES, ASSOCIATE JUSTICE.—The appellant was a settler upon the
school lands of Marion County, situated in the county of Clay.　The ap-
pellee having purchased of Marion County the entire survey, brought this
suit to recover of appellant the 160 acres upon which he resided and which
was known as block No. 22.　The defendant pleaded that he had settled
upon the land in controversy in 1877 with his family, and that he had re-
sided there as an actual settler ever since; that as such settler he had al-
ways claimed the prior right to purchase the tract, and that he had made
repeated attempts to do so; but that the county had disregarded his of-
fers, and finally made a sale to plaintiff.　The plaintiff in a supplemental
petition replied that defendant was estopped to claim the right to purchase
the land.

Upon the trial the defendant proved his settlement upon the land and
introduced evidence tending to show his efforts to purchase from the
county.　In his pleading he offered to pay for the land, but did not at
any time make an actual tender of the money.　The court after hearing
the evidence instructed the jury in effect that in order to defend against
the action the defendant must make an actual tender of the purchase
money of the land, and that since he had not done so they should return
a verdict for plaintiff.　In our opinion the court erred in its instruction.
The question of the rights of a settler in a similar case was discussed in

the case of Perego v. White, 77 Texas, 196, and speaking of the appellant in that case it was said: "He should have pleaded that he was an actual settler upon the lands at the time they were sold by the county and that he desired to purchase, and should in the suit at least have offered to purchase upon the terms upon which the county sold."

This indicates, we think, the correct rule. The practice in equity in similar cases is not to require a tender or a payment into court of the purchase money. It was so ruled by this court in the case of Spann v. Sterns, 18 Texas, 556. We see no satisfactory reason why the same rule should not apply to a settler who acquires a right to purchase by virtue of a positive provision of law as applies to a purchaser who has acquired his right by contract. On the other hand, a good reason exists why an actual tender should not be required in such cases. The tract claimed by the settler may exceed in quality and value the average of the whole tract, or it may not be so great. He is not entitled nor should he be required to pay the same price per acre as was paid by the purchaser for the whole tract, but should be held liable to pay such portion of the purchase money paid or agreed to be paid to the county as the value of the land claimed by him bears to the value of the whole. Hence in most cases it may be impossible for a settler to know the precise amount to tender, should a tender be required. When he pleads his right he should offer to pay, and the court, if judgment should be given for him, should decree a payment within a reasonable time, and that in default of a compliance his right should cease and be determined.

Without a discussion of other questions suggested by the record, for the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 14, 1890.