CORDELLA A. H. BAKER v. MARGARET BURROUGHS.

No. 93.

**1. County School Land—Actual Settler's Right of Purchase.—** An actual settler upon county school land can not be denied his preference right as such to purchase 160 acres thereof, because he is the owner of an interest in other land, and entitled to a homestead right thereon.

**2. Same—Right not Limited to Actual Enclosure.—**The prior right to purchase county school land guaranteed to an actual settler "to the extent of his settlement, not to exceed 160 acres," is not thereby limited to the amount he has enclosed, if such amount be less than 160 acres.

**3. Same—Tender of Purchase Price.—**Where four leagues of county school lands are sold by the county in gross at so much per acre, without reference to any difference in value, and the purchaser brings suit for 160 acres thereof against an actual settler who has tendered therefor the same price per acre, payable on the same terms, as in the sale made by the county, if the plaintiff in such action fails to object that the settler has not shown the relative value of the 160 acres, and himself offers no proof of any difference in value, the tender will be deemed sufficient.

**4. Same—Proceeding in Rem.—**The sale of a county's school lands by the Commissioners Court thereof is not such a proceeding in rem as will bar the prior right of purchase given by the Constitution to an actual settler thereon.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*Sayles & Sayles*, for appellant.—1. The court erred in holding that appellee, who, at the time of her settlement on the land in controversy,

had, and at the date of the trial still had and owned, an estate for life and a homestead right in 100 acres of land in Tarrant County, Texas, was an actual settler on the Grimes County school land within the meaning of the Constitution and laws, and as such entitled to a prior right of purchasing the same. Rev. Stats., arts. 3925, 3937, 3939; Gambrell v. Steele, 55 Texas, 582; Garrison v. Grant, 57 Texas, 602; Daughty v. Hall, 59 Texas, 518; Rev. Stats., arts. 1646, 1993, 2094.

2. The court erred in rendering judgment in favor of the defendant for 160 acres of land, in this, that it appears that defendant occupied and had fenced only 80 acres of land, on which her improvements were situated. Rev. Stats., arts. 3925, 3928.

3. The court erred in rendering judgment in favor of the defendant and appellee, upon the pleadings and facts in evidence, in that the value of the land claimed by defendant, as compared with the aggregate value of the entire tract sold to plaintiff's vendors, was not alleged in her pleadings or shown in evidence, and no offer was made to pay the just value of the land which she claimed the right to purchase. Ward v. Worsham, 78 Texas, 180.

4. The proceedings in regard to the tract of land in controversy under which plaintiff acquired title being in rem, can not be set aside in this collateral proceeding. Const., art. 7, sec. 6; Rev. Stats., art. 4036; Freem. on Judg., secs. 6–11; McGowan v. Zimpelman, 53 Texas, 479.

*Cockrell & Cockrell, John Bowyer,* and *H. A. Porter,* for appellee.—1. The Constitution, article 7, section 6, fixes the prior right of purchase in the settler. His qualifications must be determined by that section, and the court has no power to enlarge or diminish his rights by annexing conditions relative to his ownership in other land. Milam County v. Bateman, 54 Texas, 153; Perkins v. Miller, 60 Texas, 61; Baker v. Millman, 77 Texas, 47.

2. Appellee was an actual settler on the land at the time of its sale by the county, and this was sufficient to fix her right to purchase 160 acres. Perkins v. Miller, 60 Texas, 63.

3. Grimes County having failed to classify the land, appellee properly tendered the price per acre at which the county had sold. Her right could not be defeated by such failure. Baker v. Dunning, 77 Texas, 31; Ward v. Worsham, 78 Texas, 181; Perego v. White, 77 Texas, 196; Spann v. Sterns, 18 Texas, 556.

4. The sale of these lands by Grimes County was not a judicial act. Baker v. Dunning, 77 Texas, 29.

HEAD, ASSOCIATE JUSTICE.—On the 27th day of January, 1877, patents were issued to Grimes County for four leagues of land, granted to it for educational purposes by virtue of an act approved January 15,

1850. The 160 acres of land in controversy in this suit is a part of this land, being embraced in league 146.

On the 19th of April, 1886, the Commissioners Court of Grimes County, at a regular term of said court, ordered that the four leagues of land mentioned above be sold, and directed the county judge of Grimes County to advertise the sale thereof. In pursuance of this order, the county judge duly advertised said land for sale in the Dallas Morning News. The land was offered for sale on not less than ten years time, with interest payable annually in advance, and the advertisement stated that bids would be received until the 25th day of June, 1886, the court reserving the right to reject any and all bids. In pursuance of this offer to sell, T. C. Buffington, L. McDaniel, and Jack Baker bid for said four leagues the sum of $2.45 per acre, on twenty years time, with interest at the rate of 6 per cent per annum, payable annually in advance, the interest to commence to run from the 1st day of September, 1886, and payable on or before October 1 of each and every year; the purchase money, principal and interest, being secured by a vendor's lien on the land. This offer was accepted by the Commissioners Court and the sale confirmed. At the July term, 1886, said Buffington, McDaniel, and Baker complied with their bids, and deeds were executed to them.

Appellant claims under a regular chain of transfers from these purchasers, but it was agreed that her rights against appellee were only such as the purchasers from the county could enforce.

Appellee settled on the land in controversy in the spring of 1885, and put up a small box-house thereon in October, 1885, and dug a well, fenced and put in cultivation the first year about 4 acres, and had under fence at the time of the sale by Grimes County about 80 acres; and at that time she was an actual settler on the land within the meaning of section 6 of article 7 of our Constitution. At this time appellee was a widow and had four children, two of whom were under 21 years of age, and she made this settlement with the intention of making it her permanent home. At the time of the death of her husband, which occurred in Tarrant County, previous to the settlement of appellee upon this land, she was living with him upon a tract of 100 acres of land, which was his separate property, in Tarrant County, and at the time of his death this was their home, and this land is still owned by appellee and the children of her deceased husband. The improvements placed by appellee upon the land in controversy are worth $433. At the time appellee settled upon this land she had abandoned her homestead upon the 100 acres in Tarrant County, with the intention of not again returning to it.

On the 12th of November, 1886, appellee, through her attorney, H. L. Bentley, tendered to the Commissioners Court of Grimes County the notes and cash payment which would be due from her on a purchase upon the same terms as the sale made by said county to Buffington, McDaniel, and

Baker, estimating the 160 acres claimed by her at $2.45 per acre, the price at which the four leagues were sold as aforesaid. This tender was made under the following circumstances: Mr. Bentley appeared before the Commissioners Court of Grimes County and offered and tendered the amount due as cash payment on the land, and also tendered the notes for the deferred payments. The Commissioners Court told him that it was not necessary to count the money, and they expressly waived the counting of the same, and told Mr. Bentley that the court had nothing to do with it. Afterwards Mr. Bentley made a tender in the same way of the notes and money to Buffington, who, on behalf of himself, McDaniel, and Baker, refused to accept the same, and said that he preferred to make his own sales.

Appellee had no actual notice of the sale to Buffington, McDaniel, and Baker until Baker, sometime after the sale, came to place the deeds to himself and others on record. They were filed for record in Taylor County September 15, 1886. This tender was also made by appellee in this case, and the money and notes deposited in court. Under this state of facts, appellee in her answer insisted upon her prior right to acquire the land in controversy under the section of our Constitution above referred to, and this appeal is prosecuted from a judgment in her favor recognizing such right.

Appellant in her first assignment of error insists, that inasmuch as appellee was the owner of an interest in other land, and entitled to a homestead right thereon, she was not an actual settler upon this land within the meaning of section 6 of article 7 of our Constitution; and in support of this contention cites us to several cases which, in effect, hold that under such circumstances appellee could not acquire a pre-emption homestead under the law. These decisions we understand to be based upon our statute in reference to this last named class of claimants.

Before any one can acquire a pre-emption homestead under our statute, he is required to make affidavit "that he is without any homstead of his own" (Revised Statutes, article 3939); and under this statute it has several times been held, that one who already has a homestead is not entitled to acquire other land by pre-emption. Gambrell v. Steele, 55 Texas, 582; Daughty v. Hall, 59 Texas, 518; Garrison v. Grant, 57 Texas, 602. No such requirement, however, is made of actual settlers who are given the prior right to purchase county school land by the section of our Constitution cited above. This section provides: "Each county may sell or dispose of its lands, in whole or in part, in manner to be provided by the Commissioners Court of such county. Actual settlers residing on said lands shall be protected in their prior right of purchasing the same to the extent of their settlement, not to exceed 160 acres, at the price fixed by

said court, which price shall not include the value of existing improvements made thereon by such settler."

The letter of our pre-emption statute certainly does not include this class of settlers, nor do we think its spirit includes them. Pre-emption settlers are given their homesteads as a gratuity, but this class of settlers can only acquire the land claimed by them by paying the same price that the Commissioners Court sells to other parties. They are given nothing but the prior right of purchasing, and thereby enabled to save their improvements. It will therefore readily be seen that reasons exist why those owning lands should not be allowed to acquire homesteads upon the public land which would not exist in the case of those given the prior right to purchase from the counties, and we are of opinion that the fact that appellee may have been entitled to a homestead upon other land was not a bar to her becoming an actual settler upon this land within the meaning of our Constitution.

In her second assignment of error appellant complains, that judgment was rendered for appellee for 160 acres, when the evidence showed that she had only settled upon 80 acres, but we are of opinion that the judgment in this respect is correct. In Perego v. White, 77 Texas, 196, it is said: "We think it follows, therefore, that a purchaser of school lands from a county, upon which an actual settler is residing, who has not been afforded an opportunity to buy, takes it subject to his privilege of pre-emption, and that the settler, upon a tender with reasonable promptness of the value of the land upon which he has settled, estimated upon the basis of the price actually paid or agreed to be paid for the whole tract bought of the county, may demand a conveyance of 160 acres, or a less amount as he may elect." We do not believe it was the intention of the framers of the Constitution to limit an actual settler in such case to the land he might actually have enclosed at the time of the sale by the county, but the language relied upon by appellant was intended to restrict this prior right of purchasing to 160 acres, even though the settler might have had a greater quantity enclosed.

In her third assignment of error appellant complains of the judgment rendered in the court below, because neither the pleadings of appellee nor the evidence shows the relative value of the 160 acres adjudged to her when compared with the whole four leagues purchased by Buffington, McDaniel, and Baker from the county. It must be conceded that this is a close question; but we are of opinion, that inasmuch as the sale by the county was made by the acre, without reference to any difference in its value, and inasmuch as appellant interposed no exception to the pleadings of appellee upon this ground, and offered no evidence to show that there was a difference in the value of the land, the court did not err in holding the tender made by appellee sufficient, and fixing the amount to be paid by her at its proportion of the price at which the whole tract had

been sold. We think this evidence sufficient to sustain the finding of the court that this was its relative value. See Ward v. Worsham, 78 Texas, 180.

We think it has several times, in effect, been held in this State, that a sale made by a County Commissioners Court under the same circumstances that this one was made by the Commissioners Court of Grimes County was not such a proceeding in rem as to bar the rights of the actual settler, as contended by appellant in her fourth assignment. The Constitution guarantees this right of prior purchase to the actual settler, and the Commissioners Court has no power to deprive her of this right by a proceeding in rem, or any other ex parte proceeding which would have that effect. The Commissioners Court derives its power to make these sales from the same section of the Constitution which guaranteed this prior right of purchasing to the actual settler, and by this section of the Constitution the right of the court to sell was made subject to the prior right of the settler to purchase. Perego v. White, and Ward v. Worsham, supra; Baker v. Dunning, 77 Texas, 28. As said by us in the case of Baker v. Millman, this day decided [post, p. 345] "It seems to us that this proceeding of the Commissioners Court should be regarded rather as an act of agency in the sale of land than the exercise of a judicial function."

We consider it no longer an open question, that the section of our Constitution quoted above applies to actual settlers who might thereafter enter upon this character of land, as well as to those on it at the time of its adoption. Baker v. Dunning, 77 Texas, 28.

Let the judgment of the court below be affirmed.

*Affirmed.*

Delivered February 7, 1893.