## M. A. Wortham v. James T. Anderson.
### No. 337.

**County School Land—Homestead Right.**—W. settled upon 160 acres of county school land, part of a league, but before purchasing sold 54 acres of it, without the joinder of his wife in the conveyance, and afterwards purchased 67 acres remaining of the 160 from B., a vendee of the county, who had bought the entire league from the county at $2.45 an acre. The 54 acres tract, at the time of trial, was worth $10 per acre, estimating the entire league as worth $2.45 per acre. After the death of W. his widow claimed the 54 acres as part of her homestead, but took no steps to acquire title thereto except to offer $2.45 per acre for it. *Held*, that she had no legal title thereto, and no such equity as would warrant a judgment in her favor.

APPEAL from Taylor.  Tried below before Hon. T. H. CONNER.

*John Bowyer* and *H. A. Porter*, for appellant.—1. The court erred in rendering judgment in favor of plaintiff for the land involved in suit, because defendant being an actual settler on the land at the time of sale by Grimes County, has the prior right to purchase 160 acres of school land at the price and on the terms fixed by Grimes County in the sale of said school league. Const., art. 7, sec. 6; Perkins v. Miller, 60 Texas, 61; Land Co. v. Wood, 71 Texas, 460; Baker v. Dunning, 77 Texas, 28.

2. Mrs. M. A. Wortham had a vested homestead right in the original 160 acres surveyed for her and her husband, and the husband could not divest her of that right without her consent. The homestead right of the wife attaches to any interest in land owned by the husband, or even in an equity or lease. Thomp. on Homesteads, secs. 170–174; Wheatly v. Griffin, 60 Texas, 209.

*Sayles & Sayles*, for appellant.—1. The legal title to the land in controversy was at the commencement of this suit vested in appellee, and the appellants by their pleadings and evidence show no equitable or legal title thereto, and the court did not err in rendering judgment in favor of appellee. Right of homestead does not exist until the property has been paid for. Until then, the husband may dispose of the same, in whole or in part, or adjust adverse claims against it. De Bruhl v. Mass, 54 Texas,

464; White v. Shepperd, 16 Texas, 163; Gillum v. Collier, 53 Texas, 593; Clements v. Lacy, 51 Texas, 150.

2. A settler upon county school land must pay for the tract claimed by him, at its relative value to the whole tract, and not at the price per acre that the entire land was sold for. Ward v. Worsham, 78 Texas, 180.

STEPHENS, ASSOCIATE JUSTICE.—In 1883 R. J. Wortham, with appellant, his wife, settled on a part of the Grimes County school land league number 148, and in the following year had 160 acres surveyed, including the 54 acres in controversy. This 54 acres, however, was in the next succeeding year sold by him to one Jasper Millman, without the joinder of his wife in the conveyance. He made no further claim to the land sold to Millman, but in 1888 purchased from Mrs. C. H. A. Baker 67 acres of the land settled on, so as to include his improvements, excluding the land in controversy, this being all he was able to pay for. This league, with two others, was sold by Grimes County in 1886 to Baker, Buffington & McDaniels at $2.45 per acre, who conveyed the same to Mrs. C. H. A. Baker, who conveyed the land in dispute to appellee. This conveyance was made by Mrs. Baker after she recovered the land in controversy from Millman. Baker v. Millman, 77 Texas, 46.

It was proven on the trial, that at the time of the sale to Baker, Buffington & McDaniels, the land in controversy was worth $10 per acre, estimating the value of the entire tract sold by Grimes County at $2.45 per acre. R. J. Wortham died in 1890, without having taken any steps to acquire title to said 54 acres, and up to the institution of this suit no steps had been taken by his widow, Mrs. M. A. Wortham. She did not offer on the trial, or at any other time, to purchase the land at any other price than $2.45 per acre; but rests her claim solely upon the proposition that by the aforesaid actual settlement she acquired the right to purchase as a homestead the 160 acres of land originally settled on, at price per acre fixed by the Commissioners Court of Grimes County in the sale to Baker, Buffington & McDaniels for the entire league, without reference to the relative value of this tract to said entire league as fixed by said county.

That the legal title was in appellee can not be disputed; and no such equity was shown by appellant as would defeat a recovery on the legal title. She should have taken some steps, or at least offered, to purchase at the price fixed by the relative value of the land in dispute to the whole tract, taking the price fixed on the whole tract as a basis of value. Ward v. Worsham, 78 Texas, 180. In order to acquire a homestead, it was necessary to acquire some sort of title to the land; and as a failure to do this is her own fault or misfortune, her defense falls for want of equity.

The judgment will therefore be affirmed.

*Affirmed.*

Delivered January 10, 1894.