ROBERT WARD v. W. B. WORSHAM.

No. 297.

1. **County School Land — Price to Actual Settler.** — A county subdivided, classified. and priced its county school land, and then sold the entire body to a purchaser for the prices so fixed—that is, in one sale, for a gross sum equal to the aggregate of the different prices set upon the several blocks or subdivisions—and without giving to an actual settler on one of the blocks an opportunity to purchase it. *Held*, that the settler had a right to have title to such block (of 160 acres), upon tendering to such purchaser the price fixed by the county on that block, and was not required to tender such a price as would be an average price of all the land.

2. **Costs—Printing Briefs—**The court properly refused to tax as an item of costs incurred on the previous appeal of this case the amount paid by the appellant for the printing of his brief.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

*J. A. Templeton*, for appellant.—It was the duty of Marion County, when it determined to sell its school lands, in good faith to classify and fix a price upon each particular parcel of land that was occupied by a settler, and the terms of sale, and to then afford to such settler a reasonable opportunity to purchase such parcel of land, not to exceed 160 acres, at the price and terms so fixed; and the county having classified the land in controversy and fixed the price and terms of sale thereof, appellant being an actual settler thereon, was entitled to purchase at such price and terms, and the trial court had no power to change or vary such classification or price. Const., art. 7, sec. 6; Baker v. Dunning, 77 Texas, 28; Ward v. Worsham, 78 Texas, 180.

*A. K. Swan*, for appellee.—Worsham purchased some fifty-eight blocks, including the one in question, November 14, 1882, paying an average price of $1.53 per acre. He swears, and it is not controverted, that block 22 is an average in value, compared with the whole. The verdict is not, under the facts, excessive, and other errors, if any there be, are immaterial. No authorities are deemed necessary.

TARLTON, CHIEF JUSTICE.—The land involved in this action of trespass to try title, brought by the appellee, as plaintiff, against the appellant, as defendant, is a tract of 160 acres, known as block 22, out of a four leagues survey lying in Clay County, and granted by the State to Marion County for free school purposes.

The defendant, Robert Ward, the head of a family, settled upon the tract in question in 1876, and has since continuously resided upon it as his home.

On August 14, 1878, the Commissioners Court of Marion County, hav-

ing previously caused the entire survey in Clay County to be surveyed and subdivided into blocks, and a map thereof to be recorded in Marion and Clay Counties, classified the land, and fixed the price per acre at which each block or section should be sold. The block in question was placed in the third class, with the price per acre at $1.25. The terms of sale had previously been fixed as follows: One-fifth of the purchase price to be paid in cash on the delivery of the title papers, and the balance in four equal payments, due in one, two, three, and four years from date of sale, to be represented by promissory notes secured by vendor's lien, bearing interest, payable annually, at the rate of 10 per cent per annum.

By deed bearing date September 22, 1882, acknowledged November 13, 1882, and approved by the Commissioners Court November 14, 1882, Marion County, through its agent and attorney in fact, J. T. Smith, conveyed to the appellee, W. B. Worsham, fifty-eight entire blocks or sections, including that in controversy, and one fractional block, described severally by number, as entered upon the map and the classification referred to.

The consideration, as recited in the deed to Worsham, was $2875 cash, and the further sum of $11,500.36 evidenced by four promissory notes, each for the sum of $2875.34, bearing interest, payable annually, at the rate of 10 per cent. Payments according to these terms were made promptly by the purchaser.

The agent of the county, J. T. Smith, in arriving at the price to be paid by Mr. Worsham for the land conveyed, made the estimate upon the price previously fixed, as above shown, by the Commissioners Court for each block, the price for the land in controversy being $1.25 per acre, and thus sold the land to Worsham. The defendant had endeavored, without avail, to purchase the section from Marion County before the sale to Worsham.

A former judgment in favor of appellee was reversed by our Supreme Court, because the trial court had required of the defendant an *actual tender* of the purchase money, though in his pleadings he had offered to pay it. Ward v. Worsham, 78 Texas, 180.

On April 10, 1889, the defendant deposited in court, to be applied in payment of the purchase money due upon the land, the sum of $331.10. This amount was sufficient to cover the purchase price of section 22, at $1.25 per acre, together with interest accrued to the date of deposit.

This appeal is from a judgment founded upon a verdict awarding the land to the defendant upon his payment to plaintiff the sum of $438.58. The judgment ordered this sum to be credited with the amount on deposit, $331.10, and decreed all costs against the defendant, save the costs of appeal from the former judgment.

*Opinion.*—The record discloses an admission by the parties that the appellant, Robert Ward, is entitled, as an actual settler upon the land in

controversy, to purchase it upon his paying to plaintiff, or upon his depositing in court to plaintiff's use, the sum of money, together with accrued interest, which the appellee, Worsham, had previously paid to Marion County for section or block number 22. The only issue, therefore, tried in the lower court and to be passed upon here is, what was the amount of money which the defendant should be thus required to pay?

On the trial the plaintiff testified, that the section in question " was about of an average in value and quality with the remaining land." To this testimony objection was urged, on the ground, that " the evidence tended to vary the classification and price of the lands as fixed by Marion County, and to affix thereto a classification and price different from the one fixed by the county." In the second subdivision of the charge the court instructed the jury as follows: " In estimating the price paid by plaintiff to Marion County for the land in controversy, if you find and believe from the evidence that the plaintiff bought the lands described in his deed from Marion County in bulk, and not by the block, then the price to be paid by the defendant to plaintiff for the land in controversy should bear the same proportion to the price paid by the plaintiff to Marion County which the actual value of the land in controversy bears to the actual value of the whole tract purchased by the plaintiff from Marion County." The appellant complains of this charge, for the reasons, first, that it is not warranted or justified by the evidence; and second, that the qualification arising out of the expression " by the block and not in bulk," did not present to the jury the law of the case as applicable to the facts.

We think that the two assignments of error complaining of this action of the court are well founded, under the facts found by us and set out in the foregoing conclusions. It will be noted that the court, in applying the test by which the rights of the defendant were to be determined by the jury, did not confine the latter in their deliberations to the price fixed by the Commissioners Court of Marion County and actually paid by the purchaser, Worsham, for the section in controversy. In this we think that the court erred.

Our Constitution provides, that " Each county may sell or dispose of its lands, in whole or in part, in manner to be provided by the Commissioners Court of the county. Actual settlers residing on said lands shall be protected in the prior right of purchasing the same to the extent of their settlement, not to exceed 160 acres, at the price fixed by said court, which price shall not include the value of existing improvements made thereon by such settlers." In Baker v. Dunning, 77 Texas, 28, it is said: " It would seem but reasonable that when a county has decided to sell its lands, the Commissioners Court should fix in good faith a price upon each parcel that is occupied by a settler, as well as the terms of sale, and

should then afford him a reasonable opportunity to buy the land at the price and upon the terms so fixed."

As under our conclusions of fact, Marion County did classify the section in question as of the third grade, and fix the price at $1.25 per acre, at which price it was sold to the appellee, we conclude that the price thus fixed should be the test by which the appellant's rights are to be determined. In Perego v. White, 77 Texas, 196, our Supreme Court says: "The price to be paid by him [the settler] should bear the same proportion to the price paid or agreed to be paid by the purchaser which the actual value of the land claimed by him bears to the actual value of the whole tract." And in Ward v. Worsham, 78 Texas, 180, it is said: "The tract claimed by the settler may exceed in quality and value the average of the whole tract, or it may not be so great. He is not entitled, nor should he be required, to pay the same price per acre as was paid by the purchaser for the whole tract, but should be held liable to pay such portion of the purchase money paid or agreed to be paid to the county as the value of the land claimed by him bears to the value of the whole."

In neither of these cases does it appear, as the record here discloses, that the price of the land in question had been fixed by the Commissioners Court, and that the purchaser claiming adversely to the settler had bought at the price so fixed. We conclude, therefore, that the appellant is entitled to the section in controversy on payment or tender of payment of the price, with accrued interest, fixed by the Commissioners Court, and at which the purchaser bought. Const., art. 7, sec. 6; Baker v. Dunning, 77 Texas, 28.

The court properly refused to tax as an item of costs incurred on the previous appeal the amount paid by the appellant for the printing of his brief.

We therefore order, that the judgment of the trial court be reversed and here rendered, decreeing payment of the money on deposit, $331.10, to the appellee, Worsham; that appellant, Ward, be quieted in his title and possession of the land; that he recover all costs incurred since the date of tender, April 10, 1889, including the costs of the previous appeal as adjudged by the trial court; and that appellee recover all costs otherwise incurred.

*Reversed and rendered.*

Delivered January 12, 1894.