**POFF et ux. v. ROLLINSFORD SAV. BANK et al.**

**No. 4822.**

Court of Civil Appeals of Texas. Amarillo.

April 26, 1937.

Rehearing Denied May 31, 1937.

Jno. A. Coffee, of Hereford, for appellants.

Kimbrough & Boyce, of Amarillo, for appellees.

JACKSON, Justice.

Blan Poff and wife, Blanche Poff, the appellants, on November 24, 1936, applied for and obtained a temporary writ of injunction enjoining the appellees, H. L. Hunter and the Rollinsford Savings Bank, a banking corporation, from selling or proceeding with the sale under their deed of trust of the east half of section No. 91, in block M–7, B. S. & F. survey, in Deaf Smith county.

The record shows that about February 3, 1925, the appellees or their assigns loaned to appellants the principal sum of $5,500, evidenced by a note due February 1, 1930. Attached to this principal note were five coupon interest notes each in the sum of $330, one of which was payable each successive year. Contemporaneously with the giving of these notes, the appellants, to secure the payment thereof, executed and delivered their deed of trust, creating a lien on the land above described. At the same time, and as a part of the transaction, appellants gave four other interest notes, each in the sum of $137, one of which was payable each successive year, and each of which bore interest at 10 per cent. per annum after maturity. A second deed of trust was given on the above-described land to secure the payment of said four interest notes.

Under the provisions of the deed of trust securing the payment of the principal note, the holder thereof was authorized to pay any delinquent taxes due against the land, and all sums so paid became a debt and charge against appellants and the land. The appellees had paid certain taxes under the stipulations of their deed of trust and were entitled to have judgment for such taxes with interest thereon from the date of the payment at the rate of 10 per cent. per annum.

The time of the payment of the loan was extended by written agreement entered into so that the $5,500 note was made payable on the 1st of February, 1935.

In their application on which the temporary injunction was granted, the appellants alleged that they had paid, on said indebtedness, interest amounting to approximately $3,000, but the exact amount thereof was unknown to them, but well known to the appellees; they demanded an accounting and asked that all sums so paid be credited upon the principal note, alleging that under the provisions and stipulations of the deeds of trust and the accelerating clauses therein, which are set out in some detail, the loan was usurious. They alleged that the appellees had advertised the land for sale under the deeds of trust, claiming an unpaid indebtedness of $9,394.34, which claim, appellants assert, is untrue and incorrect, because the amount due appellees by appellants after deducting therefrom the

usurious interest paid is approximately the sum of $3,800; say they have no adequate legal remedy and will suffer irreparable injury unless they are granted injunctive relief.

Appellants in their pleading tender into court the sum or sums of money legally due and owing the appellees, assert the amount to be approximately $3,800; ask that the sale advertised be enjoined; that they be given credit on the principal note for the usurious interest paid, and upon the discharge of the sum found to be due, the liens be canceled on their land, and the cloud removed from their title.

On December 23, 1936, the appellees filed their motion asking that the temporary injunction be dissolved; denied that the contract was usurious; that appellants were entitled to have the payments of interest applied to the discharge of the principal note; that appellants had tendered any sum of money to the appellees or into the registry of the court; denied that there was less due and owing on said principal note than the face thereof with the interest accrued since the last payment made by appellants. In addition, they pleaded they were entitled to the taxes paid under their deed of trust; that appellants had an adequate remedy at law, and no irreparable injury will result if the land be sold under their lien. They set up limitation as a defense; prayed for dissolution of the injunction, and judgment for such other and further relief, both general and special, in law and in equity, to which they may be entitled.

The appellants admitted on the hearing of the motion to dissolve that they had made no tender or offer to pay save and except such as was contained in their petition. They failed to tender into court the $3,800, the approximate sum which they admitted in their pleading to be due.

The temporary injunction was dissolved, and this action of the court presents the only question for review.

Appellants alleged that the appellees were claiming an indebtedness of $9,394.34; that said amount was incorrect; that they had paid usurious interest—approximately $3,-000—but the exact amount they did not know. They estimated the amount still due to be $3,800, but, in effect, asked the court to determine their indebtedness to appellees and offered to pay the amount thereof when determined.

This is an equitable proceeding, and no question is made of the good faith of the appellants to do equity nor their ability to pay the amount determined by the court to be legally due; hence, unless they were required to deposit the money in court or tender the cash to appellees, the court erred in dissolving the injunction because of the insufficiency of the tender.

Judge Wheeler, speaking for the Supreme Court in Spann v. Sterns' Adm'rs, 18 Tex. 552, 556, 563, announced what is apparently the rule controlling in this case: "There is no question of the rule of the court of Chancery, that if the borrower seeks the aid of the court to have a usurious security delivered up to be cancelled, or claims the enforcement of the Statute against usury, relief will only be decreed upon the terms of paying what is really due the defendant; and if the complainant do not make such offer by his bill, the defendant may demur. (1 Story's Eq. 301.) But I do not understand the rule to require that the plaintiff shall aver an actual tender, and bring the money into Court, as in case of a plea of tender. The precedents are not so, nor, as I conceive, was such the practice in the Court of Chancery. The complainant was required to offer to pay the money borrowed, with interest. The offer implied a readiness and willingness to pay; but not that the money was to be brought into Court, or tendered as a condition precedent to the granting of relief. Such was not the doctrine or practice of the Court. It was laid down as a maxim, that the Court would attend to the claims of equal justice; and would never interfere unless the plaintiff would consent to do what was right; and accordingly the decree provided that he should have his relief upon the doing of that which equity required, in the manner and time which the Court thought fit to prescribe, and which were specified in the decree. But it was not made a condition precedent to the rendition of the decree. On the contrary, the terms on which relief was granted, were specified in the decree of the Court; and the performance of the decree, was a condition precedent to obtaining the relief. Upon the offer of the complainant to do equity, the Court decreed what the Chancellor deemed to be equitable and right, attending to the claims of equal justice."

In Ward v. Worsham, 78 Tex. 180, 14 S. W. 453, Judge Gaines says: "The practice in equity in similar cases is not to require a tender or a payment into court of the purchase money. It was so ruled by this court

784

in the case of Spann v. Sterns' Adm'rs, 18 Tex. 556."

Spann v. Sterns' Adm'rs, supra, has been approved in principle in Thomas Maloney v. J. W. Eaheart et al., 81 Tex. 281, 16 S. W. 1030; Yonack et al. v. Emery (Tex. Com.App.) 13 S.W.(2d) 667, 70 A.L.R. 684; Chandler et ux. v. Riley et al. (Tex.Civ. App.) 210 S.W. 716, 717.

The appellees cite numerous decisions which they contend justify the ruling of the trial court, but on a careful analysis of such decisions, it is our opinion that they are distinguishable from the above authorities, which we consider decisive of this appeal.

The judgment of the trial court dissolving the temporary injunction because of the insufficiency of the tender is reversed and the cause remanded.