TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00339-CV






Thomas C. Retzlaff, Appellant



v.



State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 170,506-C, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Appellant Thomas C. Retzlaff petitioned to have the records of several criminal
charges expunged and the trial court denied his petition. On appeal, this Court held Retzlaff was
entitled to the expunction of trial court cause numbers 2C97-1671, 2C97-1673, 2C97-1674, 2C97-1670, and CC2C97-39714C.(1) On remand, after the district court ordered the expunction of the
arrest and court records in the five causes, Retzlaff filed a motion to modify the district court's
expunction order, asserting the order: (1) should have granted him $100 for costs he incurred in
prosecuting his appeal; (2) should direct that all records and files related to the expunged causes
be returned to Retzlaff and not the district court; and (3) must be modified to include language and
information mandated by article 55.02 of the Texas Code of Criminal Procedure. The district
court did not rule on Retzlaff's motion to modify, and Retzlaff now appeals, alleging the order
does not comply with the mandate issued by this Court. We will modify the order to include 
information required by article 55.02 and affirm as modified.


Costs

 In our judgment, we assessed appellate costs against the Bell County Attorney's
Office. Retzlaff contends the district court erred in refusing to modify the expunction order to
award him $100 in costs he incurred in prosecuting his appeal, costs for "postage, postage
supplied, typing paper, typewriter ribbon, note pads, and pens." We disagree.

 "Costs" assessed by our mandates do not include items that would be billed by an
attorney to a client as part of attorney's fees for services provided, but "refer to '[f]ees and charges
required by law to be paid to the courts or some of their officers, the amount of which is fixed by
statute or the court's rules; e.g., filing and service fees.'" Westech Eng'g, Inc. v. Clearwater
Constructors, Inc., 835 S.W.2d 190, 206 (Tex. App.--Austin 1992, no writ) (quoting Black's Law
Dictionary 312 (5th ed. 1979)); see Ward v. Worsham, 24 S.W. 843, 845 (Tex. Civ. App. 1894,
writ denied) ("The court properly refused to tax as an item of cost incurred on the previous appeal
the amount paid by the appellant for the printing of his brief."); 16 Tex. Jur. 3d Costs § 139
(1997) (expenses for preparation of brief not taxable). Costs include filing fees, charges for the
clerk's record, and charges for the reporter's record, if any. Harris County Children's Protective
Servs. v. Olvera, 971 S.W.2d 172, 177 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); Tex.
R. App. P. 20.1(m); 16 Tex. Jur. 3d Costs §§ 137-140; O'Connors Texas Civil Appeals 39-41
(Jessie A. Amos & Diane M. Guariglia eds., 2000-2001 ed.); 3 Texas Civil Trial and Appellate
Procedure § 19-3(k) (Jeremy C. Wicker, ed., 1999).

 Retzlaff is not entitled to payment for miscellaneous costs incurred in preparing his
appeal, such as postage, typing supplies, and pens. Such costs are of the sort that an attorney
might include in assessing attorney's fees and do not qualify as appellate costs. We overrule
Retzlaff's contention that the expunction order should be modified to award him $100 for appellate
costs.


Return of the Records

 Retzlaff contends that article 55.02 of the Code of Criminal Procedure entitles him
to have records and files related to the expunged causes returned to him. An official, agency, or
entity named in an expunction order must "return all records and files that are subject to the
expunction order to the court or, if removal is impracticable, obliterate all portions of the record
or file that identify the person who is the subject of the order and notify the court of its action." 
Tex. Code Crim. Proc. art. 55.02, § 5(a)(1) (West Supp. 2000) (emphasis added). Once such
records are returned to the trial court, the court "may give the person who is the subject of the
order all records and files returned to [the court] pursuant to its order." Id. § 5(b) (emphasis
added). The district court's expunction order satisfied article 55.02 by ordering as follows:


It is ORDERED that each official, agency, or other entity listed below return all
records and files concerning the [expunged causes] to the court, or if removal is
impracticable, to obliterate all references to [Retzlaff] as to the [expunged causes]
and notify the court of its action. 


It is ORDERED that any official, agency, or other entity listed below that has sent
information concerning the [expunged causes] to a central federal depository of
criminal records request the agency to return the records to the court, or if removal
is impracticable, to obliterate all references concerning [Retzlaff] as to the
[expunged causes] and notify the court of its action.



 Article 55.02 does not give Retzlaff the right to have records returned to him; it
simply gives the district court discretion to return the records if it so chooses. If the district court
does not return the records, on the first anniversary of the expunction order the district clerk will
destroy all records and files held. Id. § 5(d). We overrule Retzlaff's contention that he is entitled
to have the expunction order modified to have his records and files returned to him.


Article 55.02 Information

 Retzlaff contends the district court's expunction order is incorrect because it does
not contain all of the information required by article 55.02. We agree.

 Under article 55.02, an expunction order must include specific information about
the person and arrests that are the subjects of the order. Id. § 3(b). A comparison of the order
in this cause to article 55.02 shows that the order should be amended to include Retzlaff's sex,
race, driver's license number, and social security number. We modify the expunction order to
indicate that Retzlaff is a white male whose Texas driver's license number is 09602603 and social
security number is XXX-XX-XXXX.

Conclusion

 We overrule Retzlaff's first two claims seeking $100 in miscellaneous costs and the
return of all court records. We sustain Retzlaff's contention that the order lacks some of the
information required by article 55.02 of the Texas Code of Criminal Procedure and we modify the
expunction order to include the following information: Retzlaff is a white male whose Texas
driver's license number is 09602603 and social security number is XXX-XX-XXXX. We affirm the
order as modified.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Modified and, as Modified, Affirmed

Filed: October 26, 2000

Do Not Publish


1. See Retzlaff v. Bell County Attorney's Office, No. 03-98-00580-CV (Tex. App.--Austin
October 14, 1999, no pet.) (not designated for publication).


em>Harris County Children's Protective
Servs. v. Olvera, 971 S.W.2d 172, 177 (Tex. App.--Houston [14th Dist.] 1998, pet. denied); Tex.
R. App. P. 20.1(m); 16 Tex. Jur. 3d Costs §§ 137-140; O'Connors Texas Civil Appeals 39-41
(Jessie A. Amos & Diane M. Guariglia eds., 2000-2001 ed.); 3 Texas Civil Trial and Appellate
Procedure § 19-3(k) (Jeremy C. Wicker, ed., 1999).

 Retzlaff is not entitled to payment for miscellaneous costs incurred in preparing his
appeal, such as postage, typing supplies, and pens. Such costs are of the sort that an attorney
might include in assessing attorney's fees and do not qualify as appellate costs. We overrule
Retzlaff's contention that the expunction order should be modified to award him $100 for appellate
costs.


Return of the Records

 Retzlaff contends that article 55.02 of the Code of Criminal Procedure entitles him
to have records and files related to the expunged causes returned to him. An official, agency, or
entity named in an expunction order must "return all records and files that are subject to the
expunction order to the court or, if removal is impracticable, obliterate all porti